Middletown Township et al., Appellants, *v.* Delaware County Institution District.

Argued November 14, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John W. Nilon, Jr.,* with him *Rodger L. Mutzel,* and *Kassab, Cherry & Archbold,* for appellants.

*Francis P. Connors,* with him *Levis, Connors & Swanick,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 19, 1973:

This is an appeal by the Township of Middletown from the decision of the Commonwealth Court affirming the order of summary judgment directing the Township to issue a building permit to plaintiff-appellee, Institution District of Delaware County. The issue presented is whether the Township of Middletown [Township], through its Board of Supervisors, has zoning jurisdiction, and therefore, the power to restrict the height of the building proposed to be erected on the county nursing facility known as "Fair Acres Farm" by the Institution District of Delaware County [Institution District].

The present controversy is best explained by a recital of the factual circumstances involved. The Institution District is a state-created[1] agency, administered by the County Commissioners, operated "to provide care for incapacitated and infirm county residents who are unable to reasonably provide for their own care elsewhere." On April 7, 1971, the Institution District applied to the Township for a building permit to construct a 504-bed separate facility as an addition to Fair Acres Farm. Upon receipt of the application the Township refused to grant the permit. Also on April 7 the Institution District filed an application with the Middletown Township Zoning Hearing Board for a special exception permitting construction of the proposed building in an area zoned R-1A residential. Simultaneously, it filed an appeal from the refusal to issue a building permit, requesting a variance from Article XII, the General Provisions, Section 1201 of the Township Zoning Ordinance prohibiting the erection of structures in excess of 65 feet in height. The

---

[1] Act of June 24, 1937, P. L. 2017, art. I, §§101 et seq., 62 P.S. §§2201 et seq., repealed in part, Act of July 31, 1963, P. L. 372, effective January 1, 1964.

proposed building was to be a 14-story structure with a height of 197 feet.

On September 22, 1971, after a hearing on these applications and a mutually agreed to delay, the Zoning Hearing Board informed the Institution District that the Board had no jurisdiction to issue either the special exception or the variance. Subsequently on November 5, 1971, the Hearing Board reversed this jurisdictional determination and informed the Institution District that it refused to issue the building permit. The Board's reversal was based on Department of Public Welfare Regulation 1203.1 requiring the approval of local zoning departments prior to any construction of public agencies such as the Institution District.

Appellee, Institution District, thereupon filed a writ of mandamus in the Common Pleas Court of Delaware County on November 24, 1971, to compel the issuance of the building permit. On December 3, 1971, appellee forwarded to appellant a copy of a motion for summary judgment in this action scheduled for hearing on December 10, 1971. Appellant then filed preliminary objections to the original complaint on December 8, 1971. At the December 10 hearing the Common Pleas Court dismissed appellant's preliminary objections and granted appellee's motion for summary judgment. On appeal the Commonwealth Court affirmed, and this Court granted allocatur.

The causal nexus of this dispute arises from certain apparently conflicting powers delegated by the Commonwealth to the Township and the Department of Public Welfare. The Township derives its relevant zoning powers from two sources. The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, art. I, §§101 et seq., 53 P.S. §§10101 et seq. (Supp. 1971), gave municipalities such as Middletown Township the general power to zone and govern land use within its borders. In addition Section 702 of The

Second Class Township Code provides in pertinent part: ". . . No ordinance, by-law, rule or regulation shall be adopted which in any manner restricts, interferes with, hinders or affects the operation of any other political subdivision or instrumentality of the Commonwealth of Pennsylvania." Act of May 1, 1933, P. L. 103, art. VII, §702, cl. LXII, added 1963, August 27, P. L. 1280, §1, 53 P.S. §65762.

The Institution District argues that Section 702 of The Second Class Township Code prohibits any zoning ordinance of Middletown Township from restricting or interfering with the operation of the Institution District which is undoubtedly a "political subdivision" of the Commonwealth as defined in Section 702.[2] Thus the Township's 65-foot height restriction, the District contends, may not be applied to the Institution District, and the building permit must be issued.

However, appellant-Township argues that certain regulations applicable to the Institution District promulgated by the Department of Public Welfare require the District to obtain the building and zoning approval of the Township prior to any construction. The Institution District was created pursuant to the County Institution District Law, Act of June 24, 1937, P. L. 2017, art. I, §§101 et seq., 62 P.S. §§2201 et seq. Section 2255 of that statute provides in pertinent part: "Any plan for the erection or substantial alteration of an institution must be approved as to suitability by the Department of Welfare . . . ." Act of June 24, 1937, P. L. 2017, art. III, §305, as amended, 62 P.S. §2255.

Pursuant to this legislation the Department of Public Welfare promulgated *Standards for Intermediate*

---

[2] If the zoning ordinance does apply to the Institution District there is no doubt that it will interfere with the District's operations. The record reveals that a change in the present construction plans to conform with the building and height restrictions will add $5,000,000 to the cost of the project.

*Care Facilities* of May 1, 1970. Section 1203.1 of these departmental regulations provides:

"BUILDING APPROVAL

"1203.1 The building shall be approved by responsible agencies including but not limited to the agencies listed below before construction, conversion, alterations or addition are started;

"(1)   Pennsylvania Department of Public Welfare

"(2)   Pennsylvania Department of Labor and Industry

"(3)   Pennsylvania Department of Health or approved County Health Departments

"(4)   Local or County Building Departments

"(5)   Local Zoning Departments

"(6)   Local Fire Department."

The Township argues that this regulation gives zoning jurisdiction to the Township Zoning Board over the activities of the Institution District, and enables it to limit the height of the District's proposed construction.

Clearly this regulation, as construed by the Township, appears inconsistent and in conflict with Section 702 of The Second Class Township Code, supra, prohibiting such townships from interfering with the operation of other political subdivisions of the Commonwealth. However, this apparent conflict is resolved by a careful examination of the Public Welfare Code. Act of June 13, 1967, P. L. 31, art. I, §§101 et seq., 62 P.S. §§101 et seq. Section 921 of the Public Welfare Code provides: "The Department [Department of Welfare] shall establish standards for the safe and adequate care of individuals, *not inconsistent with the laws of this Commonwealth* and the rules and regulations of the various departments of the Commonwealth . . . ." Act of June 13, 1967, P. L. 31, art. IX, §921, 62 P.S. §921 (emphasis added).

Since this section prohibits the Department of Public Welfare from promulgating regulations "inconsist-

ent with the laws of this Commonwealth" then to the extent that Section 1203.1 of the Department's regulations attempts to limit Section 702 of The Second Class Township Code it is an improper exercise of the Department's rule-making powers as to the District. While the departmental regulation is on its face valid, nevertheless it cannot vest any power in the Middletown Township Zoning Hearing Board which is contrary to the restrictive provision of The Second Class Township Code. In the absence of any valid statutory authority the Zoning Board may not permissibly restrict the operation of the County Institution District.

Appellant-Township argues that although the relevant grants of power do conflict, nevertheless this Court must balance the interests of the Township and the Department of Public Welfare to give full recognition to the legislative scheme. Appellant would have this Court hold that the Institution District is only exempt from local zoning regulations if such local regulations have a deleterious impact upon a valid countywide or statewide interest, without a counterbalancing local interest. Such a public policy argument is more appropriately directed to the Legislature in pursuit of new legislation than to this Court as a matter of statutory construction.

In point of fact, the Legislature as evidenced by Section 921 of the Public Welfare Code, and Section 702 of The Second Class Township Code, supra, clearly intended not to subject state and county agencies to the preferences and prohibitions of every township's local zoning and building regulation in the Commonwealth. Moreover, the only "counterbalancing local interest" advanced by the Township here in restricting the height of appellee's proposed structure is the problem of adequate fire protection. That contention is merely academic and is not presented on this record in light of the fact that at the December 10 hearing on

appellant's preliminary objections and appellee's motion for summary judgment evidence was presented that the Township fire marshal had in fact approved the Institution District's proposed plans.[3]

Appellant-Township advances two additional arguments supporting the Township's zoning powers. First, appellant cites Section 619 of the Municipalities Planning Code, Act of July 31, 1968, P. L. 805, art. VI, §619, 53 P.S. §10619, which created a specific exemption from the zoning powers of the Township *only* for public utility corporations. Applying the maxim of "expressio unius est exclusio alterius," appellant contends that public utility corporations were meant to be the only exclusion from the Township's zoning jurisdiction. Thus, appellant argues, all other governmental agencies must be subject to its jurisdiction.

However, the Municipalities Planning Code was intended merely as a continuation of The Second Class Township Code. "The provisions of this act, as far as they are the same as those of existing laws, are intended as a continuation of such laws except for those portions of the laws which are specifically repealed." Act of July 31, 1968, P. L. 805, art. I, §103, 53 P.S. §10103.

The Second Class Township Code (Section 702, supra) evinces a definite intent to liberate "other political subdivisions" of the Commonwealth from the restrictions of local township zoning ordinances. Moreover, the earlier Code also included a similar exclusion for public utility corporations. Act of May 1, 1933, P. L. 103, as amended, 53 P.S. §67009, repealed July 31, 1968, P. L. 805, art. XII, §1201, 53 P.S. §11201. If the Legislature had intended to change the prior law as to the applicability of local zoning ordinances to politi-

---

[3] The record also establishes that the County Institution District had obtained preliminary approval from the Department of Public Welfare and the Department of Labor and Industry.

cal sub-divisions it would have expressly done so. See Act of May 28, 1937, P. L. 1019, art. IV, §51, 46 P.S. §551.

Appellant also argues that this Court's decision in *School District of Philadelphia v. Zoning Board of Adjustment*, 417 Pa. 277, 207 A. 2d 864 (1965), controls here. There we held that Philadelphia School District —a citywide authority—was subject to the off-street parking requirements of the City's zoning ordinance. That case is distinguishable, however, on its facts. There in dealing with the conflicting powers of two geographically coterminous municipal bodies, we held that the City's interest in regulating off-street parking prevailed over the similar interest of the School Board. Here we are dealing with the interests of a township— a county subdivision of limited jurisdiction—versus those of a countywide agency—two governmental authorities whose powers and boundaries are not coterminous. Thus our holding in *School District of Philadelphia* is not applicable here and does not advance the Township's cause.

Clearly the existing statutory scheme precludes appellant-Township from exercising its zoning jurisdiction over the proposed facility of the Institution District of Delaware County. The building permit must be issued.

Judgment affirmed.

Mr. Justice EAGEN concurs in the result.