Bates Taxi, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued December 8, 1977, before Judges WILKINSON, JR., ROGERS and DiSALLE, sitting as a panel of three.

*James J. Rahner,* with him *Hickey, Azpell & Rahner,* for appellant.

*Kenneth E. Nicely,* Assistant Counsel, with him *George M. Kashi,* Assistant Counsel, and *Barnett Satinsky,* Chief Counsel, for appellee.

OPINION BY JUDGE ROGERS, January 24, 1978:

The Pennsylvania Public Utility Commission filed thirteen complaints charging Bates Taxi, Inc. with violations of the Public Utility Law[1] and Commission Regulations in the conduct of a taxi business in Fernwood, Delaware County. The two earliest of the complaints were dated June 2, 1976 and the latest August 11, 1976. All were served soon after their dates of issuance by certified mail, apparently delivered by the postman to Bates's dispatcher on duty. Bates Taxi, Inc. filed answers to ten of the complaints denying the charges of violations. No answers were filed to three complaints because they did not come to the

---

[1] Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1101 et seq. The charge of most of the complaints was that Bates Taxi, Inc. violated the Public Utility Law, Sections 201 and 202, 66 P.S. §§1121, 1122, by transporting persons beyond the scope of its certificated authority.

notice of the officers of Bates Taxi, Inc. who filed the answers in the other cases.[2]

Without further notice of any kind to Bates Taxi, Inc., the Commission, by order made November 15, 1976, sustained the charges laid in all thirteen complaints filed against Bates Taxi, Inc. and suspended Bates's certificate of public convenience for sixty days. Bates Taxi, Inc. appealed this order to this Court. Judge BLATT granted a supersedeas pending the disposition of the appeal.

Each of the thirteen complaints concluded with the following admonition:

> IT IS ORDERED: That if respondent should fail to answer said complaint within twenty (20) days from service hereof or, by its answer, shall admit the allegations of this complaint, the Commission may issue an order in this matter without a hearing; otherwise, that a hearing be held at a time and place to be fixed by the Commission.

This language follows somewhat loosely that of the General Rule of Administrative Practice and Procedure applicable, to be found at 1 Pa. Code §35.35:

> Answers to complaints . . . shall be filed with the Agency within twenty (20) days after the date of service. . . . Any respondent failing to file an answer within the applicable period shall be deemed in default, and all relevant basic facts stated in such complaint may be deemed admitted. . . .

---

[2] The first of the three unanswered complaints was dated June 29, 1976 and the other two July 7, 1976. The copy of the first was delivered to Bates Taxi, Inc. by the postman on July 15, 1976 and the other two on July 16, 1976. The complaint next before these three was delivered on July 2, 1976 and the one next following the three in question was delivered August 13, 1976.

As noted, the Commission on November 15, 1976, a date almost sixty days after answers to ten of the thirteen complaints had been filed by Bates Taxi, Inc., without hearing or notice of hearing, sustained the charges made in all thirteen complaints and suspended Bates's license. With respect to the ten complaints to which answers had been filed, the Commission's action was clearly improper. Nothing in the Public Utility Law authorizes the Commission to, in effect, enter a default judgment on a complaint after an answer has been filed by the respondent. Neither the Regulation at 1 Pa. Code, §35.35, nor the Commission's notice to plead included in its complaints is materially different from Pa. R.C.P. §1037(b) (authorizing "judgment against the defendant for failure to file within the required time an answer to a complaint") or from similar provisions of the Practice Acts which preceded the Supreme Court Rules of Civil Procedure. The law has always been, and remains, that there may be no penalty for default imposed on a respondent for failing to file an answer unless the complainant acts while the respondent is still in default in filing the answer. *Barndollar v. Fogarty*, 203 Pa. 617, 53 A. 492 (1902); 4 Standard Pennsylvania Practice, Revised, §120.

The Commission therefore erred in treating the charges in the ten answered complaints as having been sustained and in basing its order of suspension on those charges.

We therefore set aside the Commission's order of November 15, 1976 and remand the record for further proceedings not inconsistent with this opinion.

## Order

And Now, this 24th day of January, 1978, the Public Utility Commission's order of November 15, 1976

is set aside and the record remanded for further proceedings consistent with this opinion.