George Fusaro and Richard Passarella, t/a Cynwyd Taxi Service, Petitioner v. Pennsylvania Public Utility Commission, Respondent.

Argued December 9, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Emanuel G. Weiss,* for appellant.

*William G. Cohen,* Assistant Counsel, with him *George M. Kashi,* Assistant Counsel, and *Barnett Satinsky,* Chief Counsel, for appellee.

OPINION BY JUDGE BLATT, February 22, 1978:

George Fusaro and Richard Passarella, trading as Cynwyd Taxi Service (Appellants) appeal from an order of the Pennsylvania Public Utility Commission which suspended their certificate of public convenience. In July, August and September of 1976, the Pennsylvania Public Utility Commission (PUC) filed and sent by registered mail, six separate complaints charging the Appellants with various violations of the Public Utility Law[1] (Act) and PUC regulations in the conduct of their taxi business. Each of these complaints contained a notice that, if the complaint was not answered within twenty days, the allegations therein would be deemed admitted and the PUC could then issue an appropriate order. No answer or any other pleading was filed by the Appellants, but, without further notice of any kind and without any hearing, the PUC sustained the complaints on November 18, 1976 and suspended the Appellants' certificate of public convenience for thirty days. The Appellants appealed to this Court and a supersedeas was granted pending disposition of the appeal.

We may not disturb an order of the PUC in whole or in part, except for error of law, lack of substantial evidence to support the PUC's findings, determination or order, or a violation of constitutional rights. *Stiteler v. Bell Telephone Co.*, 32 Pa. Commonwealth Ct. 319, 379 A.2d 339 (1977).

The Appellants argue that they were not given the procedural protection of proper notice, as required by the Act, which provides that complaints must be "accompanied by a notice from the commission calling upon such person . . . to satisfy the complaint, or to answer the same in writing, within such reasonable

---

[1] Act of May 28, 1937, P.L. 1053, *as amended*, 66 P.S. §1101 et seq.

time as may be specified by the commission in such notice."[2] 66 P.S. §1392. The applicable rules[3] require

---

[2] Section 1002 of the Act provides as follows:

Service of complaints on parties.

Upon the filing of a complaint against any person or corporation . . . the commission shall cause a copy thereof to be served upon such person . . . *accompanied by a notice from the commission calling upon such person . . . to satisfy the complaint, or to answer the same in writing,* within such reasonable time as may be specified by the commission in such notice. (Emphasis added.)

66 P.S. §1392.

[3] Appellant argued that notice received did not comply with Rule 28 of the Commission's Rules of Practice. On April 7, 1976, the Commission published notice at 6 Pa. Bulletin 911 to the effect that sixty days after publication of notice No. 10, (April 14, 1976) the Commission's Rules and Practice were to become ineffective and would be replaced by Title 52, Pennsylvania Code, and that the General Rules of Procedure were to be made applicable to the Commission. The applicable regulations here therefore are the General Rules of Administrative Practice and Procedure which state in pertinent part:

§35.9. *Formal complaints generally.*

A copy of the complaint will be forwarded by the agency to the respondent who will be called upon to satisfy the complaint or to answer the same in writing within the time specified in §35.35 of this Title. . . .

§35.35. Answers to complaints and petitions.

Answers to complaints . . . shall be filed with the agency within 20 days after the date of service. . . . Any respondent failing to file an answer within the applicable period shall be deemed in default, and all relevant basic facts stated in such complaint or petition may be deemed admitted. All answers shall be in writing, and so drawn as fully and completely to advise the parties and the agency as to the nature of the defense. They shall admit or deny specifically and in detail each material allegation of the pleading answered, and state clearly and concisely the facts and matters of law relied upon.

1 Pa. Code §35.35.

answers to be filed within twenty days and also provide that "[a]ny respondent failing to file an answer within the applicable period shall be deemed in default." 1 Pa. Code §35.35.

The notice which the Appellants received here was as follows:

> IT IS ORDERED: That if respondent should fail to answer said complaint within twenty (20) days from service hereof or, by its answer, shall admit the allegations of this complaint, the Commission may issue an order in this matter without a hearing; otherwise, that a hearing be held at a time and place to be fixed by the Commission.

The Appellants complain that this notice did not comply with the law because it did not specifically state that the complaint had to be answered in writing. Yet the Appellants knew or should have known that a written answer was required for they were supplied with a copy of the set of procedures for pleadings, which specifically stated that answers must be filed in writing within twenty days.[4]

Even if the notice was substantively adequate, the Appellants argue in the alternative that, because the notice received was located on the top of the back sheet of the complaints, and not attached separately, but "buried somewhere in body of the complaint," it did not comply with the statutory notice requirement that the complaint be "accompanied" by notice. The notice here, although not on a separate piece of paper, was located at the end of the body of the complaint, directly above the signature of the Secretary of the PUC and was preceded by capital letters "IT IS ORDERED." It was, therefore, neither inconspicuous nor so innocuous as to be outside the statutory require-

---

[4] *See* 1 Pa. Code §§35.9, 35.35.

ments. Furthermore, the procedures regarding PUC complaints were published in the Pennsylvania Bulletin and, as long as an administrative agency has provided a duly published set of procedures for pleadings, hearings, or appeals, it is not required to give additional notice of such rights. *Commonwealth v. Derry Township*, 10 Pa. Commonwealth Ct. 619, 629-30, 314 A.2d 868, 872 (1973).[5] Furthermore, a utility holding a certificate of public convenience accepts it subject to the statutory provisions which permit the certificate to be modified or rescinded for legal cause. *Western Pennsylvania Water Company v. Pennsylvania Public Utility Commission*, 10 Pa. Commonwealth Ct. 533, 311 A.2d 370 (1973). We must conclude, therefore, that the notice received by the Appellants was in compliance with the Act.

Appellants also argue that the notice received was inadequate to meet the procedural protection afforded by the due process clauses of the Federal and State Constitutions which require that a person may not be deprived of substantial property rights without adequate notice and an opportunity to be heard. *Fuentes v. Shevin*, 407 U.S. 67 (1972). Our Supreme Court has, of course, held that due process requirements apply to administrative as well as judicial procedures. *National Automobile Corp. v. Barfod*, 289 Pa. 307, 137 A. 601 (1927). The PUC, therefore, as an administrative body, is indeed bound by the due process provisions of constitutional law and by the principles of common fairness. *Smith v. Pennsylvania Public Utility Commission*, 192 Pa. Superior Ct. 424, 162 A.2d 80 (1960) ; *Bridgewater Borough v. Pennsylvania Public Utility Commission*, 181 Pa. Superior Ct. 84, 123 A.2d 266, 124 A.2d 165 (1956) ; *McCormick v. Pennsylvania*

---

[5] This case has been affirmed by the Pennsylvania Supreme Court at 466 Pa. 31, 351 A.2d 606 (1976).

20

*Public Utility Commission,* 151 Pa. Superior Ct. 196, 30 A.2d 327 (1943). Here, however, the Appellants received adequate notice of their alleged violations of the Act, and of PUC regulations, and they had an opportunity to request a hearing. They failed to respond to any of the six complaints which were received in July, August and September, and consequently were on notice that the allegations against them were deemed admitted by their failure to reply and that a default judgment could be ordered by the PUC. *See Bates Taxi, Inc. v. Pennsylvania Public Utility Commission,* 33 Pa. Commonwealth Ct. 360, 381 A.2d 1328 (1978). We must conclude, therefore, that their due process rights were not violated.

The Appellants' final argument that the PUC is without statutory authority to suspend their certificate of convenience was not raised in their petition for review, and may not, therefore, be considered here.

ORDER

AND Now, this 22nd day of February, 1978, we hereby order that the Pennsylvania Public Utility Commission's order dated November 15, 1976, suspending for thirty days the certificate of public convenience issued to George Fusaro and Richard Passarella, trading as Cynwyd Taxi Service, is hereby affirmed.

