Richard F. Berman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police and Paul J. Chylak, Commissioner of the Pennsylvania State Police, Respondents.

560

Argued June 7, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Dennis J. Clark,* with him *Thomas A. Livingston,* for petitioner.

*Michael H. Garrety,* Deputy Attorney General, with him *J. Andrew Smyser,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondents.

Opinion by Judge Blatt, September 13, 1978:

Richard F. Berman appeals here from a decision of the Commissioner of the Pennsylvania State Police in which the Commissioner accepted the recommendation of a court-martial board and dismissed him from the Pennsylvania State Police. Berman argues that

the State Police disciplinary procedures established by regulation are unconstitutional.

Berman maintains that the disciplinary procedures contained in the applicable State Police Field Regulations (SPFR) violate due process of law in that they create an unconstitutional commingling of judicial and prosecutorial functions in the State Police Commissioner. The identical argument led the Pennsylvania Supreme Court to invalidate as unconstitutional the regulations which were the predecessors to those challenged here in *Dussia v. Barger,* 466 Pa. 152, 351 A.2d 667 (1975). In *Dussia,* the Court's conclusion of unconstitutionality was based on a recognition that former SPFR 3.03-E vested in the Commissioner sole discretion as to whether or not alleged misconduct on the part of a member of the State Police would be investigated and whether or not, subsequently, a court-martial proceeding would be initiated.[1] Combined with the Commissioner's ultimate judicial function in court-martial proceedings specified in Section 711 of The Administrative Code of 1929[2]

---

[1] Former SPFR 3.03E provided in pertinent part:

1. A Disciplinary Board comprised of three Area Commanders shall be appointed by the Commissioner to review recommendations for Court-Martial. The senior officer shall act as chairman.

2. The Board shall convene at the direction of the Commissioner and shall be responsible to him for conducting an objective review of all cases that he may refer to it.

3. No Area Commander shall sit as a member of a Board reviewing the case of an individual serving under his Area Command.

4. The Board shall function in an advisory capacity only.

5. The Board shall prepare a report for the Commissioner which presents a summary of the essential facts and recommended action to be taken.

6. When an unanimous decision cannot be reached, separate reports shall be prepared.

[2] Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §51 et seq.

(Administrative Code), 71 P.S. §251, the Court held that his authority by regulation to initiate prosecution as well, led to an impermissible commingling of judicial and prosecutorial functions. The Court stated:

> The decision to institute a prosecution is such a fundamental prosecutorial function that it alone justifies concluding a dual capacity where the individual also is charged with the responsibility of making the ultimate determination of guilt or innocence. Moreover, it is a decision which requires a judgment as to the weight of the evidence against the accused, a judgment which is incompatible with the judicial function of providing an impartial forum for resolution of the issues presented. (Footnote omitted.)

466 Pa. at 165, 351 A.2d at 674.
Berman argues that this impermissible commingling of functions continues in the disciplinary procedures leading to court-martial proceedings contained in the current regulations.

The basic law of this Commonwealth regarding the denial of due process by the commingling of judicial and prosecutorial functions has been stated in *Schlesinger Appeal,* 404 Pa. 584, 172 A.2d 835 (1961) quoting from *In re Murchison,* 349 U.S. 133, 136 (1955) the Court held:

> 'A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome.

... This Court has said ... that "every procedure which would offer a possible temptation to the average man as a judge ... not to hold the balance nice, clear, and true between the State and the accused, denies the latter due process of law." Tumey v. Ohio, 273 U.S. 510, 532.'
*Accord, Horn v. Township of Hilltown,* 461 Pa. 745, 748, 337 A.2d 858, 860 (1975).

Our review here must therefore turn on the role of the Commissioner in initiating the investigation and subsequent court-martial of a member of the State Police charged with misconduct.

The new regulations[3] require the Commissioner to appoint a Department Disciplinary Officer to coordinate the disciplinary system. The Commissioner is also required to appoint a Department Disciplinary Board, which handles cases involving commissioned officers, and three Regional Disciplinary Boards which handle cases involving enlisted personnel. Allegations of misconduct are referred to these Boards which conduct hearings. In cases where the offenses alleged would require demotion or discharge, the Board considers the evidence and makes a recommendation to the Commissioner as to whether or not court-martial proceedings should be initiated. Upon the Board's affirmative recommendation, the Commissioner is required to order the commencement of court-martial proceedings. A court-martial board consisting of three officers is then appointed by the Com-

---

[3] The challenged regulations are SPFR 3.01 through 3.07 which became effective June 16, 1976. We perceive petitioner's challenge to be directed to procedures involved with the adjudication of third-level offenses, *i.e.,* those offenses requiring demotion or dismissal from the State Police. The petitioner here was dismissed from the State Police when the Commissioner followed the court-martial board's recommendation and found him guilty of several third-level offenses.

missioner. The court-martial board conducts a hearing and makes findings and a recommendation to the Commissioner. Section 711 of the Administrative Code, 71 P.S. §251, reserves final judgment for the Commissioner, who in the exercise of his discretion may follow or disregard the recommendation of the court-martial board.

Upon a careful review, we believe the disciplinary procedure outlined above remedies the impermissible commingling of functions found in the former regulations by our Supreme Court in *Dussia*. The decision whether or not to prosecute an allegation of misconduct is now delegated to the Department Disciplinary Officer who refers cases to the appropriate Disciplinary Board. In cases involving allegations of offenses serious enough to warrant demotion or dismissal, the Commissioner is bound by regulation to initiate court-martial proceedings upon such a recommendation by the appropriate Disciplinary Board. The Commissioner's role in the prosecution of allegations of misconduct is reduced to an administrative one in which he is required only to appoint individuals to the various positions implementing the disciplinary procedures. In this regard, we note that the Department and Regional Disciplinary Boards are standing bodies whose members are randomly selected for specified terms. We believe that the procedures established here by regulation compare favorably with the procedures sanctioned by our Supreme Court in *State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 318 A.2d 910 (1974). In *Pollock*, the Court recognized that a State administrative agency in performing its statutorily authorized dual function of complainant and adjudicator of the complaint is not an unfair tribunal so long as these two functions are adequately separated. In the present case, we believe that the prosecutorial function is adequately

separated from the Commissioner's judicial function in cases involving possible demotion or discharge so as to prevent an impermissible commingling of these functions. We hold, therefore, that the regulations at issue are neither unconstitutional on their face nor can we find that they were unconstitutionally applied to the petitioner.

Berman also challenges on due process grounds the procedures for the selection of the members of the Disciplinary Boards and the court-martial board. Essentially, he argues that, because the disciplinary regulations fail to state specifically that an individual may not serve on a court-martial board hearing charges which he had earlier approved as a Disciplinary Board member, this possibility of bias requires us to void the entire disciplinary procedure. Although we agree that an individual's membership on both the Disciplinary Board which initially reviewed the allegations and on the court-martial board which preliminarily adjudicates them would in the least create a strong presumption of impropriety, see *Department of Insurance v. American Bankers Insurance Company of Florida*, 478 Pa. 532, 387 A.2d 449 (1978); *In re Bruteyn Appeal*, 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977), we do not believe that the mere theoretical possibility of such an occurrence under these regulations requires us to find them constitutionally deficient.

The regulations concerning membership on the Disciplinary Boards require members to be randomly selected. Moreover, the procedures outlined in the Commonwealth's brief for the selection of members of the court-martial board also indicate that in practice they are also randomly selected.[4] We note also

---

[4] While the record does not indicate the details of the procedures used to select members of the court-martial board, the Commonwealth has summarized them in its brief and the petitioner has

that the court-martial procedures utilized by the State Police permit challenges by the accused to the composition of a court-martial board for reasons of possible bias.[5]  On that basis, we believe that the possibility of an individual's overlapping membership in the Disciplinary Board and the court-martial board

---

not substantially challenged the summary in any of his filings. For the purpose of resolving the issue raised here, we will consider the procedure to be as asserted by the Commonwealth. *See State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 271, 318 A.2d 910,.914 (1974). The Commonwealth's brief indicates that the members of the court-martial board are randomly selected by the Director of the State Police Bureau of Personnel.

[5] The court-martial procedures utilized by the State Police permit an accused to challenge for cause any member of a court-martial board when the challenged member:

    a. Is not competent or is not eligible to serve on the Court-Martial Board.

    b. Is not an authorized member of the Board.

    c. Is the accuser as to any offense charged.

    d. Will be a witness for the prosecution.

    e. Personally investigated an offense charged.

    f. Has formed or expressed a positive and definite opinion as to any offense charged.

    g. Will act as reviewing authority.

    h. Should not sit as a Member in the interest of having the hearing and subsequent proceedings free from doubt as to their legality, fairness and impartiality when any other facts indicate this could be the case. For example, it may be that he:

        (1) Will be a witness for the defense.

        (2) Testified or submitted a written statement on the investigation. (Except at the request of the Accused)

        (3) Is a prosecutor as to any offense charged.

        (4) Has officially expressed an opinion as to the mental condition of the Accused.

        (5) Has a direct interest in the result of the hearing.

        (6) Is related to the Accused in any way.

        (7) Is decidedly hostile or friendly to the Accused.

        (8) Participated in the trial of a closely related case.

in the same case to be slight. Should such an over-lapping of membership occur, however, the accused's due process right to an impartial tribunal could be preserved by timely objection to the court-martial board's composition. In this context, we can perceive no inherent possibility of bias or unfairness in these regulations or in their application that requires us to invalidate them.

The order of the Commissioner is affirmed.

## ORDER

AND Now, this 13th day of September, 1978, the order of the State Police Commissioner dismissing the petitioner from the Pennsylvania State Police is hereby affirmed.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

Once again, I must register my conviction that it is impossible, human nature being what it is, especially in organizations that are militarily or politically oriented, to separate inherent prejudice or at least lack of objectivity, where one who has the appointing power ultimately passes on the merits of his appointee's recommendations.

This is more than theory; it is stark pragmatism.