Washington Township, Northampton County, Pennsylvania, Plaintiff *v.* Commonwealth of Pennsylvania, Department of Transportation, Defendant. Slate Belt Vehicle Recycling Center, Inc., Intervening Party Respondent.

Heard September 16, 1980, by Judge WILLIAMS, JR.

*William H. Agnew,* for plaintiff.

*Edward D. Werblun,* Assistant Attorney General, for defendant.

*John Molnar, Cassebaum, McFall & Molnar,* for intervenor.

MEMORANDUM OPINION BY JUDGE WILLIAMS, JR., October 30, 1980:

On September 16, 1980, this Court issued an Order granting a motion for summary judgment filed by intervening respondent Slate Belt Vehicle Recycling Center. This memorandum opinion is written in compliance with Pa. R.A.P. No. 1925, pursuant to petitioner's appeal of that decision to the Pennsylvania Supreme Court.

The case comes before this Court on a petition to review the issuance of an Automotive Dismantler and Recycler License to intervening respondent (Slate Belt) by the Pennsylvania Department of Transportation, conditioned upon the completion of proper screening in compliance with the Act Regulating Junkyards, Automotive Dismantlers and Recyclers Along Highways[1] (Junkyard Act). The petition was filed by Washington Township, which alleged, *inter alia,* that the license in question was applied for and granted without investigation or inquiry by respondent, Pennsylvania Department of Transportation, into existing zoning, pending ordinances, DER permits, Department of Labor and Industry approval, or general environmental conditions which the township feels make the prospective site, within its corporate limits, unsuitable. Petitioner requested that this Court void the issuance of the license for the above-listed reasons.

---

[1] Act of July 28, 1966, P.L. 91, §1, *as emended,* 36 P.S. §2719.1 *et seq.*

The recipient of the license, Slate Belt, subsequently filed a petition to intervene, which this Court granted. Thereafter Slate Belt filed a motion for summary judgment, in which the Commonwealth joined. The two issues addressed in the briefs on the motion for summary judgment are: (1) whether the license was properly issued under the Junkyard Act, and (2) whether Washington Township has standing to file the petition for review.

The material issues of fact are undisputed in this case. The license in question was applied for and approved pursuant to the provisions of the Junkyard Act. The statute is clear in stating, *inter alia,* that no license shall be issued for any junkyard that lies within 1000 feet of a highway unless it is properly screened. Other than under four specifically enumerated exceptions, the department has no discretion in the issuance of junkyard licenses. The ultimate question before us is the propriety or impropriety of the issuance of a license conditioned solely upon compliance with the provisions of the pertinent statute. The answer appears to be self-evident.

However, Washington Township seems to contend that the issuance of a license by the Department is a blanket permit to operate a junkyard, even in disregard of any other legal requirements. As Washington Township interprets this statute, it does have standing to raise the question, because the prospective site is in an area zoned residential, and the operation would violate its zoning ordinance. Although its interpretation of the statute's application is legally incorrect, it nevertheless has the right to file the petition. The issue of its standing cannot be determined until a decision has been reached on the merits.

In *Quakertown Borough v. Richland Township,* 28 Pa. Commonwealth Ct. 180, 368 A.2d 343 (1977), we

said that an Act which authorizes the Commonwealth Bureau of Corrections to establish pre-release centers does not demonstrate legislative "intent to override municipal zoning powers either by the inclusion of the power of eminent domain or clear language showing the overriding intent," and, with that in mind, "the Court followed the standards imposed by the zoning regulations." Id. at 183, 368 A.2d at 344. The Junkyard Act includes eminent domain powers *only* as to those junkyards in existence on January 1, 1967, the effective date of the Act.[2] The logical extension of the above-quoted language is that the Junkyard Act, which contains no clear language showing overriding intent, and which limits eminent domain powers to then-existing junkyards, does not demonstrate that the legislature intended to preempt local zoning ordinances, as to future junkyards. The ordinances should therefore be construed in conformity with the Junkyard Act. Any other interpretation would be patently absurd.

The Pennsylvania Supreme Court has also spoken concerning the issue of state legislation in a field in which municipalities also have a statutory interest. "[W]here the Act is silent as to monopolistic domination and a municipal ordinance provides for a localized procedure which furthers the salutory scope of the Act, the ordinance is welcomed as an ally, bringing reinforcements into the field of attainment of the statute's objectives." *Department of Licenses and Inspections v. Weber,* 394 Pa. 466, 469, 147 A.2d 326, 327 (1959).

The issuance of a license under the Junkyard Act is a non-discretionary function of the Pennsylvania

---

[2] *See* 36 P.S. §2719.8, *Acquisition of Property*—The Secretary is hereby authorized to acquire by gift, purchase, exchange or condemnation such property as shall be necessary to carry out the provisions of sections 6 and 7.

Department of Transportation, which did not transgress the bounds of its statutory powers by conditioning the issuance of the license upon compliance with the statute. The statute does not require that the Department investigate any prerequisites to the operation of a junkyard other than those under its purview and enforcement powers. It is up to the township to enforce its own zoning ordinance, just as it is up to the Department of Environmental Resources to oversee compliance with its regulations. No one precludes another. All are allied to assist in the promotion of public welfare and safety, and the scenic beauty of Pennsylvania. The recipient of the Pennsylvania Department of Transportation license is not thereby relieved of his obligation to comply with municipal zoning.

For the reasons delineated herein, we grant the motion for summary judgment.

ORDER

AND Now, September 16, 1980, the motion for Summary Judgment filed by Intervening Respondent Slate Belt Vehicle Recycling Center, Inc., is hereby granted.