Frank J. Schneider, Sr. and Hildegarde M. Schneider, Petitioners *v.* Pennsylvania Public Utility Commission, Respondent.

Argued October 5, 1983, before Judges Williams, Jr., MacPhail and Blatt, sitting as a panel of three.

*Robert L. Federline,* with him, *Thomas J. Dempsey,* for petitioners.

*Larry Gesoff,* Deputy Chief Counsel, with him, *Charles F. Hoffman,* Chief Counsel, for respondent.

*David McNeil Olds,* with him, *Kathy K. Condo-Caritis, Reed, Smith, Shaw & McClay,* for intervenor, Pennsylvania Power Company.

OPINION BY JUDGE WILLIAMS, JR., June 20, 1984:

Frank J. Schneider, Sr. and Hildegarde M. Schneider (Schneiders) petition for review of the final order of the Pennsylvania Public Utility Commission (Commission) granting a Certificate of Public Convenience to the Pennsylvania Power Company (Penn Power).

This case commenced when Penn Power applied to the Commission for permission to proceed with the condemnation of an electric transmission line right-of-way across uninhabited property owned by the

Schneiders in Franklin Park Borough, Allegheny County. Previously, Penn Power performed an electrical distribution study, and determined that the Bradford Woods/Franklin Park Borough area in its service territory might not be adequately and reliably served by existing distribution facilities beyond the summer of 1982. To remedy the projected inadequacy in the most economical manner, Penn Power determined that an additional substation was necessary. The proposed substation would require a 69,000 volt transmission line to supply it. The new transmission line would run from an existing transmission line for approximately 2.67 miles to the proposed substation, traversing the Schneiders' property for approximately three-fifths (3/5) of a mile. Penn Power selected a transmission line route which would run as much as possible along the Schneiders' property boundaries rather than a more economical direct route through the middle of their property.

By October, 1978, Penn Power, after notice to all affected land owners, was able to acquire amicably the necessary rights-of-way from all of the landowners, except the Schneiders. Despite numerous attempts to make a settlement, Penn Power was unable to reach an agreement with the Schneiders. Consequently, Penn Power applied for a Certificate of Public Convenience in order to begin proceedings against the Schneiders' property in eminent domain.

Shortly after Penn Power's application to the Commission, the Schneiders filed a complaint in equity raising certain constitutional claims against Penn Power in the Court of Common Pleas of Allegheny County. An Administrative Law Judge (A.L.J.) scheduled a hearing on the application for December 16, 1981 with proper notice to the parties. On December 3, 1981 the Schneiders' attorney requested a continuance of the hearing pending resolution of the

equity action which was denied by the Chief A.L.J. On December 14, 1981, the Schneiders' attorney made a second request for a continuance due to the hospitalization of Mr. Schneider for an operation. This request was also denied by the Chief A.L.J.

At the December 16, 1981 hearing, the Schneiders' attorneys appeared and presented to the A.L.J. a Motion to Dismiss or Stay the Proceeding and, alternatively, made a formal Request for Certification to the Commission of the issues raised in the Motion. The A.L.J. denied the Motion but he took no action on the Request for Certification at that time. The A.L.J. then explained that in the absence of Mr Schneider, he would receive the direct testimony of Penn Power's representatives and would reserve to the Schneiders the right to cross-examine those who testified on the basis of the transcript and to present their direct testimony at a later hearing. Whereupon, the Schneiders' attorneys voluntarily left the hearing. Penn Power was then allowed to present its direct testimony.

On December 28, 1981, the A.L.J., on his own motion, certified to the Commission the question of whether the proceedings in an eminent domain application should continue in the property owner's absence due to illness and, if so, what procedural protections should be afforded the property owner. At this time, the A.L.J. also denied the Schneiders' Request for Certification. Subsequently, the Schneiders filed a Petition for Allowance of an Interlocutory Appeal directly to the Commission on the issues upon which they had based the Request for Certification.

On February 22, 1982, the Commission, through counsel, petitioned the Court of Common Pleas to intervene in the Schneiders' equity action. The Commission's purpose was to file preliminary objections to the jurisdiction of an equity court to consider an

eminent domain application pending before the Commission.[1]

On February 24, 1982, in response to the A.L.J.'s certification of December 28, 1981, the Commission determined that the Schneiders would be granted a thirty day continuance in which to prepare for another hearing with an allowance for another thirty day continuance at the discretion of the A.L.J. The Commission also ordered Penn Power to make its witnesses from the first hearing available for cross-examination at the next hearing. Accordingly, a hearing was scheduled for March 30, 1982. On March 26, 1982, the Schneiders requested a continuance due to the pending equity action, which the A.L.J. denied. On March 29, 1982, the Schneiders requested the A.L.J. to certify several questions to the Commission regarding their request for a continuance of the March 30, 1982 hearing and the alleged impropriety of the Commission's moving forward with its proceedings in light of its intervention in the equity suit. The A.L.J. declined to certify these questions and denied the request on March 30, 1982. Also, on March 30, 1982, the A.L.J. held the hearing as scheduled with no appearance by, or on behalf of, the Schneiders.

On April 13, 1982, the Commission granted the Schneiders' Petition for Allowance of an Interlocutory Appeal of noncertified questions for the purpose

---

[1] The Commission's petition for intervention was granted. The Commission filed its preliminary objections questioning the jurisdiction of equity and raising the Schneiders' failure to exhaust administrative remedies. By order, dated June 4, 1982, the Common Pleas Court denied the preliminary objections relating to the failure to exhaust administrative remedies and reserved judgment on the jurisdictional issue. The Commission filed an appeal from the June 4, 1982 order with this Court, No. 1596 C.D. 1982. The appeal was quashed by an amended order of this Court, dated November 14, 1983.

of addressing the merits of the questions and affirmed the A.L.J.'s disposition denying same.

On April 16, 1982, the Schneiders filed a second Petition for Allowance of an Interlocutory Appeal, again raising the issues of jurisdiction and the alleged impropriety of the Commission's continuation of its proceedings and adding a third question concerning the A.L.J.'s denial of their Request for Certification on March 30, 1982 without affording them an opportunity to file a brief. The Schneiders filed a brief with the Commission in support of their Petition for Allowance of an Interlocutory Appeal of non-certified questions and by order dated April 30, 1982, the Commission denied this petition.

On April 29, 1982, the A.L.J. rendered his decision and order in favor of Penn Power and the Schneiders filed exceptions thereto on the grounds of jurisdiction and the aforementioned alleged improprieties of the Commission's proceedings. The A.L.J. denied the exceptions on June 10, 1982, as did the Commission on July 13, 1982. The Commission also granted the Certificate of Public Convenience to Penn Power on July 13, 1982.

The Schneiders present for our review the question of whether the Commission has jurisdiction to rule on an application for a Certificate of Public Convenience when an equity action has been filed raising substantive and procedural constitutional challenges to the application and several due process challenges to the Commission's proceedings in this case. Our scope of review here is limited to determining whether the Commission's grant of the Certificate of Public Convenience should be set aside for an error of law, lack of supporting evidence or violations of constitutional rights. *Department of Environmental Resources v. Public Utility Commission,* 18 Pa. Commonwealth Ct. 558, 335 A.2d 860 (1975).

The first question we face is that of the Commission's jurisdiction. The Legislature has expressly granted to the Commission the initial jurisdiction to determine the necessity of a service to be furnished through a proposed exercise of the power of eminent domain by an electric company.

Section 3272(b) of the Corporation Act of 1874[2] provides, in pertinent part:

[t]hat before any such [electric] company shall exercise the [eminent domain] power conferred by this subsection, the Public Service Commission of the Commonwealth of Pennsylvania [Public Utility Commission], upon application of such company, shall have found and determined, after public hearing, that the service to be furnished by said company through the exercise of said power is necessary or proper for the service, accommodation, convenience or safety of the public.

Having established the statutory jurisdiction of the Commission in this matter, the principle of nonintervention by the courts in matters properly before the Commission reinforces this conclusion. *See Allport Water Authority v. Winburne Water Company,* 258 Pa. Superior Ct. 555, 393 A.2d 673 (1978).

The Schneiders, however, contend that their equity action, in which they raise certain due process and equal protection challenges to Penn Power's method of acquiring all of the other property and rights-of-way necessary for the project, supersedes the Commission's jurisdiction. This is so, they argue, because the Commission has no authority to adjudicate constitutional issues.[3] Of course, the Commission is

---

[2] Act of May 8, 1889, P.L. 136, *as amended,* 15 P.S. §3272(b).

[3] This argument ignores §3272(a) of the Corporation Act of 1974, 15 P.S. §3272(a), which expressly empowers electric companies to

limited to those powers, duties, responsibilities and jurisdiction given to it by the Legislature. *Western Pennsylvania Water Company v. Pennsylvania Public Utility Commission,* 10 Pa. Commonwealth Ct. 533, 311 A.2d 370 (1973), and while the Commission may be without the power to decide constitutional issues,[4] that is not to say that the Commission's obligation to perform its statutory duties must be stayed whenever and wherever it is challenged on constitutional grounds. *See Department of Public Welfare v. Eisenberg,* 499 Pa. 530, 454 A.2d 513 (1982). Furthermore, our Supreme Court, in circumstances similar to those presented here, has sanctioned bifurcated proceedings. *Elkin v. Bell Telephone Company of Pennsylvania,* 491 Pa. 123, 420 A.2d 371 (1980).

The Schneiders' reliance on *Redding v. Atlantic City Electric Company,* 440 Pa. 533, 269 A.2d 680 (1970) is misplaced. In *Redding,* the plaintiff filed a complaint in equity *after* the Commission had granted a Certificate of Public Convenience and the issue was whether equity provides a forum for challenging the scope and validity of a taking less than a fee through eminent domain. Our Supreme Court held that equity

---

"purchase, construct, erect, operate, or maintain necessary plants, works, equipment, and facilities for the generation of electric light, heat and power, or any of them, or for the transmission or distribution thereof." The exercise of such powers are not subject to prior approval by the Commission. *Duquesne Light Company v. Upper St. Clair Township,* 377 Pa. 323, 105 A.2d 287 (1954) ; *Pennsylvania Public Utility Commission v. Philadelphia Electric Company,* 501 Pa. 153, 460 A.2d 734 (1983). Therefore, it is difficult to understand how the Schneiders' constitutional rights were affected by Penn Power's amicable purchase of the other properties and rights-of-way necessary for the project here involved. But, inasmuch as the merits of such constitutional claims are not directly before us, we make no ruling thereon at this time.

4 *See City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 549 n. 9, 369 A.2d 1343, 1353 n. 9 (1977).

was the proper forum for such a challenge, but the *Redding* court did not hold or imply that equity preempts the jurisdiction of the Commission to grant the Certificate of Public Convenience. Therefore, inasmuch as the Commission's exercise of jurisdiction here is not clearly erroneous and because the Schneiders' appellate remedy is adequate, the mere existence of a parallel equity suit will not require the Commission to stay its proceedings. *Troiani Brothers v. Pennsylvania Public Utility Commission,* 36 Pa. Commonwealth Ct. 179, 387 A.2d 980 (1978), *aff'd* 488 Pa. 386, 412 A.2d 562 (1980) (plurality opinion). Consequently, we conclude that the Commission acted properly in refusing to stay its proceedings due to the existence of the Schneiders' equity action.

The remaining questions raised by the Schneiders concern due process deprivations allegedly suffered by them during the Commission's proceedings.

Administrative agencies, such as the Commission, are required to provide due process to the parties appearing before them. *Fusaro v. Pennsylvania Public Utility Commission,* 34 Pa. Commonwealth Ct. 14, 382 A.2d 794 (1978). However, due process is satisfied when the parties are afforded notice and the opportunity to appear and be heard. *Township of Middleton v. The Institute District of The County of Delaware,* 6 Pa. Commonwealth Ct. 146, 293 A.2d 885 (1972), *aff'd* 450 Pa. 282, 299 A.2d 599 (1973). Even though Mr. Schneider was unable to attend the December 16, 1981 hearing due to illness, the receipt of testimony from Penn Power's witnesses in his absence and the absence of the Schneiders' attorneys did not violate due process. The Schneiders' attorneys voluntarily left the hearing after objecting to the Commission's jurisdiction and after the A.L.J. had explained that the hearing would be limited to the receipt of

Penn Power's direct testimony with the Schneiders being provided an opportunity at a subsequent hearing to present their testimony and to cross-examine. Clearly, the Commission provided the Schneiders with ample opportunities to appear and be heard.[5] It is equally clear that the Commission's offer to allow the Schneiders to cross-examine on the basis of a transcript of the December 16, 1981 hearing was not a due process denial. Section 332(c) of the Public Utility Code[6] expressly allows the Commission to receive evidence in written form and the Commission's regulations provide for the submission of direct testimony in writing. *See* 52 Pa. Code §3.201. Moreover, had the Schneiders' attorneys remained at the hearing and conducted cross-examination in the usual sequence of events, the Commission would not have had to depart from its regular hearing procedures.[7] This voluntary absence vitiates the Schneiders' due process complaints in this regard.

The Schneiders also complain that the A.L.J. deprived them of their rights to file a brief before he denied their second Request for Certification of questions to the Commission. While it is true that the A.L.J. committed a technical violation of the Commission's regulations in so doing,[8] we perceive no prejudice to the Schneiders as a result thereof. When

---

[5] The Schneiders' attempt to find support for this argument in the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution is clearly erroneous. Both of these constitutional provisions apply only to criminal prosecutions.

[6] 66 Pa. C. S. §332(c).

[7] By participating in the hearings, the Schneiders or their attorneys would not have waived any valid objections they might have had to the Commission's jurisdiction. *Lowry v. Commonwealth*, 365 Pa. 474, 76 A.2d 363 (1950); *Gordon v. Pulakos*, 48 Pa. Commonwealth Ct. 442, 410 A.2d 899 (1980).

[8] *See* 52 Pa. Code §3.191(b).

the Schneiders filed the subsequent Petition for Allowance of Interlocutory Appeal to the Commission on the same issues on which the A.L.J. denied the certification, they filed a brief with the Commission. Thus, they had an opportunity to present argument on those questions to the ultimate decision-making body.

Finally, we are asked to declare that the Commission's intervention in the equity action and refusal to stay its own proceedings thereafter deprived the Schneiders of an impartial tribunal. Again, we find no impropriety on the part of the Commission in these actions. The Commission's intervention in the equity suit was solely for the purpose of questioning the jurisdiction of the Court of Common Pleas in light of the Commission's parallel proceedings. The Commission did not attack the merits of the Schneiders' constitutional claim in equity. Furthermore, where there is adequate separation of the prosecutorial and adjudicatory functions of an administrative agency there is no due process violation. *Berman v. Commonwealth*, 37 Pa. Commonwealth Ct. 559, 391 A.2d 715 (1978). Our examination of the provisions of Sections 306[9] (relating to the establishment and duties of the Commission's counsel), 331[10] (relating to powers of the Commission and A.L.J.'s) and 334[11] (relating to presiding officers at hearings) convinces us that there is adequate separation of such functions within the Commission so that it retained its impartiality here.

Therefore, we conclude that the Commission's jurisdiction was not preempted by the filing of the Schneiders' equity complaint and we find no due pro-

---

[9] 66 Pa. C. S. §306.

[10] 66 Pa. C. S. §331.

[11] 66 Pa. C. S. §334.

cess violations in the Commission's proceedings. Accordingly, because our review of the Commission's substantive decision reveals no legal error and there is substantial record evidence to support that determination, we will affirm the Commission's grant of the Certificate of Public Convenience to Penn Power.

ORDER

AND Now, this 20th day of June, 1984, the order of the Pennsylvania Public Utility Commission, entered July 13, 1982, granting a Certificate of Public Convenience to Pennsylvania Power Company, Application Docket No. A-00103668, is hereby affirmed.