City of Scranton, James McNulty, Mayor of Scranton et al. *v.* International Association of Machinists and Aerospace Workers Local No. 2305.

Argued December 10, 1984, before Judges WILLIAMS, JR. and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*John J. Dunn, Sr., Dunn & Byrne,* for appellant.

*Edmund J. Scacchitti,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 6, 1985:

Local No. 2305 of the International Association of Machinists and Aerospace Workers (Local 2305) appeals the order of the Court of Common Pleas of Lackawanna County dismissing its complaint on the amended preliminary objections of the defendants, City of Scranton, James McNulty, Mayor of Scranton, and Vincent Manzo, William Gerrity, Michael Melnick, Jerry Donahue and John Martinelli, Members of the Scranton City Council (City).

The underlying dispute arose from the City's alleged attempts to "contract out" maintenance work which was performed by the members of Local 2305. This practice, Local 2305 contends, violates Article XXVIII of the collective bargaining agreement between it and the City (Contract), which provides that "[d]uring the term of this Agreement, the work performed by the members of this unit [Local 2305] shall not be subcontracted by the City to any other municipality, governmental body, individual, partnership or corporation."

Local 2305 initiated this action in assumpsit; however, after the City filed preliminary objections, the complaint was amended to an action in mandamus (Count I) to require the City to honor Article XXVIII of the contract and prohibit the contracting out of work in violation thereof, and a request for declaratory judgment (Count II) that any City ordinance authorizing the subcontracting of such work is an unconstitutional impairment of contract under Article I, clause 17 of the Pennsylvania Constitution. The City filed amended preliminary objections and, after oral argument, the trial court sustained the preliminary objection as to its jurisdiction due to the presence of a mandatory arbitration clause in the contract.[1]

The sole issue raised by Local 2305 is whether it was error for the common pleas court to dismiss the amended complaint for lack of jurisdiction in light of the constitutional challenge presented in Count II. Although we recognize that arbitration is the usual and accepted forum for the resolution of disputes under a labor-management contract, especially so where the parties to the contract have so provided, we cannot accept the proposition that even constitutional issues which arise independently of the contract are also the proper subjects of arbitration. As the Superior Court said in determining whether arbitration or the courts were the proper forum in which to decide questions under the "uninsured motorist clause" of automobile insurance policies,

> the rule, to which all the cases conform, is that where the application or construction of the un-

---

[1] Article XIII of the contract provides a grievance procedure which is "the sole and exclusive method for determination of any and all grievances" under the contract. The final step of the procedure required the parties to submit to "final and binding" arbitration.

insured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; *the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional,* legislative, or administrative *mandate,* or against public policy, or unconscionable. (Emphasis added.) (Footnotes omitted.)

*Webb v. United Services Automobile Association,* 227 Pa. Superior Ct. 508, 516, 323 A.2d 737, 741 (1974). Hence, we believe that the trial court erred in not retaining jurisdiction of Count II of the amended complaint and we must remand to that court for appropriate proceedings on the declaratory judgment action.[2]

Accordingly, we will vacate the order of common pleas court insofar as it pertains to Count II of the amended Complaint.

ORDER

AND Now, this 6th day of February, 1985, the order of the Court of Common Pleas of Lackawanna County, dated May 24, 1983, in the above-captioned matter is vacated insofar as it pertains to Count II of the amended complaint and that portion of the case is remanded for further proceedings consistent with this Opinion.

Jurisdiction relinquished.

---

[2] Local 2305 raises no question as to the propriety of the trial court's order with respect to Count I and, therefore, despite our conclusion here, the contractual dispute may go forward according to the grievance procedure set forth in the contract without regard to the court proceedings involving the constitutional question. *See Schneider v. Pennsylvania Public Utility Commission,* 83 Pa. Commonwealth Ct. 306, 479 A.2d 10 (1984), *petition for allowance of appeal denied* (November 11, 1984).