## Reininger Appeal.

Argued December 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Jacob A. Raub,* County Solicitor, for appellant.

*Calvin F. Smith,* with him *Smith, Paff, Van Sickle* and *Gafford,* for appellee.

OPINION BY HIRT, J., March 11, 1947:

On appeal from the Board of Assessment and Revision of Taxes of Northampton County, the lower court reduced the assessed valuation of appellee's real estate from $12,000 to $8,500. In this appeal from that order by the county [1] it is contended that the board did not have notice of the appeal to it, in accordance with the Act of May 21, 1943, P. L. 571, 72 PS 5453.701, 702, and that since in legal effect, no appeal from the assessment was taken to the board, the court was without authority to entertain an appeal to it.

The Board of Assessment and Revision of Taxes is composed of the three county commissioners. Sections 701 and 702 of the above act prescribe the procedure on appeal to the board from the valuation as fixed by the assessor. On notice from the board (not later than the first day of September in the year of the assessment) a property owner, aggrieved by the assessment, may appeal to the board by filing with it "a statement in writing of intention to appeal." The written statement of intention to appeal, in reality, is the appeal itself and must be filed with the board on or before the first day of October, following. Thereafter it is the duty of the board to notify the appellant of the time and place of hearing and to hear all appeals before the first day of December of the assessment year. Section 704, 72 PS 5453.704, provides that: "Any person *who shall have*

---

[1] By agreement, the County of Northampton was substituted for the board, as appellant.

*appealed to the board* for relief . . . may appeal from the order of the board to the court of common pleas . . . within sixty days after the board entered its order on the said assessment . . ." (Emphasis added). Clearly under the act, an appeal to the board is an essential prerequisite to invoking the jurisdiction of the common pleas in such cases. Cf. *Philadelphia Company's Petition*, 210 Pa. 490, 60 A. 93.

At the hearing before the lower court, appellant's testimony was that the board first had notice on January 5, 1946, of Jacqueline I. Reininger's contention that she had appealed to the board.[2] On January 9, 1946, the board notified appellee's counsel by letter, as follows: "The matter of assessments of Jacqueline I. Reininger, owner of premises situated at No. 500 Paxinosa Avenue, was presented to the Board of Assessment and Revision of Taxes for their action. The Board decided that because of no letter being on file, [i. e., no declaration of intention to appeal] and the matter being brought to their attention too late for action for 1946, that there would be no change in the County Assessment made at this time." The decision of the board was the equivalent of an order dismissing the appeal because not filed in time.

At the hearing before the lower court it was established by competent evidence, and was incorporated in

---

[2] Her counsel then delivered to the board a copy of the following letter: "Easton, Pa., September 7, 1945. To Willis Jordan, Esquire, County Assessor, and the County Commissioners of Northampton County: Please take notice that the undersigned Jacqueline I. Reininger, owner of the premises situated at 500 Paxinosa Avenue (at the corner of Monroe and Paxinosa Avenue) Easton, Pa., assessed at $18,000 [$12,000] is aggrieved by said assessment and intends to appeal to the Board from said assessment as being excessive, in that she recently purchased the premises, in competition with other purchasers, at and for the sum of $8,000.00, and that a fair market value of the property is only $8,000.00. The address to which the Board shall mail notice of when and where to appear for hearing is Jacqueline I. Reininger, 125 North Seventh Street, Easton, Pa. (Signed) Jacqueline I. Reininger."

the court's findings, that the original of the letter, quoted in the margin, was typed in the office of appellee's counsel on September 7, 1945, and was delivered to the office of the secretary of the board on the same day. A respected member of the bar testified that he went to the office of W. R. Jordan, secretary of the board and placed the signed original of the above written notice on his desk on that date, during his temporary absence from his office, but in the presence of his clerk. The court was justified in its conclusion that Jacqueline I. Reininger appealed to the board and that the appeal was taken in time and otherwise in accordance with the act. Since she "appealed to the board" according to law, it is not of controlling importance that her notice of appeal was lost or misfiled or did not come to the attention of the board for any other reason, until it was too late under the act, for the board to hear and dispose of the appeal. In our view, an owner of real estate, who has actually appealed to the board in accordance with the act, is entitled to a further appeal to the common pleas on the failure of the board to hear and dispose of the first appeal for any reason. Here under the evidence and findings of the court the appeal to the board was taken in time. The appeal was from the decision or "order of the board in relation to such assessment" which under §704 of the act specifically gave Jacqueline I. Reininger the right of appeal to the common pleas. The matter was properly before the lower court on appeal, to determine de novo the "actual value" of the land for assessment purposes (§602 of the act, 72 PS 5453.602) i. e., the market value of the land. *Suermann et al. v. Hadley, Treas.*, 327 Pa. 190, 205, 193 A. 645.

Although the question is not raised in this appeal, the reduction of the assessment in this case was fully justified by the evidence before the lower court. All of the expert opinion testimony is to the effect that the fair value of the property at the time of the assesment, did not exceed $8,500.

Order affirmed.