# Delaware Institution District *v.* Middletown Township, et al.

Argued June 7, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Rodger L. Mutzel,* with him *John W. Nilon, Jr.,* and *Kassab, Cherry, Curran & Archbold,* for appellants.

*Francis P. Connors,* with him *Levis, Connors & Swanick,* for appellee.

OPINION BY JUDGE ROGERS, July 18, 1972:

The appellee, The Delaware County Institution District, the owner of 210 acres of land located in the appellant Township of Middletown, desires, with the approval of the Commonwealth Departments of Public Welfare and Labor and Industry, to erect on less than an acre of its land an urgently needed geriatric care center. The proposed new facility would be 14 stories and 197 feet in height. The Township of Middletown has imposed by zoning ordinance a maximum height limitation of 65 feet upon any building in the township. The narrow question before us is whether the Institution District may construct its 197 feet high building without a variance from the zoning limitation of 65 feet. Although, at the request of township supervisors and in a spirit of cooperation, the County Commissioners as the administrative and executive officers of the Institution District kept the township informed of their plans and eventually applied for a special exception for a nursing home[1] and a variance from the height limitation, this is not essentially a zoning case. Some light, however, is cast upon the matter in its present status by the following facts: The township supervisors early acquiesced in the Institution District's building plans; the Institution District has expended $400,000 in architect's charges; a comparable facility limited to 65 feet in height would cost $5,000,000 more than that planned; and 900 indigent persons, some of them ill or infirm, are on a waiting list for admission to the home.

---

[1] The special exception was sought although a County Home had been located on the property for more than 100 years, apparently because the zoning ordinance provided for institutional use only by special exception.

The Zoning Hearing Board never made a decision. It conducted a hearing in April 1971. The County Solicitor agreed to several extensions of the 45 day limitation provided by Section 908(9) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.      , No. 247, 53 P.S. §10908(9). In September 1971, the Zoning Hearing Board's solicitor advised his client that it had no jurisdiction because the Institution District facility was not subject to the township's zoning regulations. A month later he reached the opposite conclusion and so advised the Board. At this time, some seven months after it commenced its zoning case, the Institution District reapplied for a building permit and upon its refusal by the supervisors commenced the instant action in mandamus for an order that a building permit issue. It further filed its motion for summary judgment pursuant to Pa. R. C. P. No. 1098 which, after hearing, was granted by the court below. This appeal by the township and its fellow defendants, officers of the township, followed.

We affirm. The court below correctly based its judgment upon Section 702, cl. LXII of The Second Class Township Code, Act of May 1, 1933, P. L. 103, added by the Act of August 27, 1963, P. L. 1280, §1, 53 P.S. §65762, providing in part: "No ordinance, bylaw, rule or regulation shall be adopted which in any manner restricts, interferes with, hinders or affects the operation of any other political subdivision or instrumentality of the Commonwealth of Pennsylvania." Nothing could be clearer than that this statute controls this case. The Institution District is an instrumentality of the Commonwealth, *Chester County Institution District v. Commonwealth,* 341 Pa. 49, 17 A. 2d 212 (1941); *Heilig Bros. Co. v. Kohler,* 366 Pa. 72, 76 A. 2d 613 (1950); and the township's attempted imposition of its zoning regulation interferes with, hinders and affects the Institution District's operation.

The same conclusion upon the same authority was reached by the Dauphin County Court in *Township of West Goshen v. Cubic Construction Co.,* 47 D. & C. 2d 651 (1969), by cogent opinion of Judge R. Dixon Herman, now Judge of the United States District Court for the Middle District of Pennsylvania.

The appellants make a number of arguments for reversal with which we will occupy ourselves briefly.

They argue that the court below violated their due process rights because their preliminary objections were dismissed without affording them the opportunity to file a brief in their support and because the hearing upon the motion for summary judgment was heard upon only six days notice. A municipal subdivision appears indeed to be entitled to procedural due process. *Nelson v. Garland,* 123 Pa. Superior Ct. 257, 187 A. 316 (1936). Procedural due process does not, however, require more than notice of and opportunity to appear and be heard. These the appellants had. The writ of mandamus and more especially Pa. R. C. P. No. 1098 and its predecessor, the peremptory writ, were for the purpose of affording prompt if not immediate performance of the public service. Further, six days notice of hearing of the mandamus motion was more than fair in this case which had been languishing in the township zoning files for seven months. The appellant's counsel was afforded the opportunity to support his preliminary objections in oral argument and indeed not denied the opportunity to file written brief if he had had one at the time for hearing. *Compare Bengal v. State Board of Pharmacy,* 2 Pa. Commonwealth Ct. 347, 279 A. 2d 374 (1971). Furthermore, the preliminary objections, called a motion to strike but really a demurrer, were utterly without merit and are not defended even here.

The appellants further argue that a regulation of the Department of Welfare for homes of the kind here

contemplated requires the Institution District to obtain the approval of local zoning departments. Assuming that this regulation means that such approval must be obtained in all events, including wilful refusal on the part of local officials, it could not, as a dictate of a department of state government, prevail over a statute rendering the intrusion of the local zoning power unlawful.

The further point is made that the absence in the Pennsylvania Municipalities Planning Code, 53 P.S. §10101, et seq., of an exclusion of state agencies from the effect of local zoning regulations implies their subjection thereto. How this could be in the face of Section 702, cl. LXII of The Second Class Township Code, 53 P.S. §65762, is unexplained. Repeal of a statute by a later enactment by implication is never found in the absence of a positive repugnancy between the two statutes. *Herman v. Mutual Life Ins. Co. of New York*, 108 F. 2d 678 (3rd Cir. 1940).

Finally, the appellants rely upon *School District of Philadelphia v. Zoning Board of Adjustment*, 417 Pa. 277, 207 A. 2d 864 (1965). This much discussed and little understood case held that the School District of Philadelphia was required to comply with certain off-street parking regulations of the Philadelphia Zoning Code. The Supreme Court thoroughly examined the First Class City Home Rule Act and found that the city was empowered thereby to enact ordinances for the protection of safety and the general welfare having the force of legislative enactments. It found that there were no such restrictions upon the city's zoning power as the Legislature has provided by Section 702, cl. LXII of The Second Class Township Code, upon which the result of this case is based.

Affirmed.