## Wood v. Parkhouse

*Richard C. Sheehan,* for plaintiffs.
*Reynolds and Reynolds,* for defendants.

HESS, *J.,* November 6, 1981—On July 15, 1981, plaintiffs as individual residents of Montgomery County filed an action in mandamus against defendants, Commissioners of Montgomery County.

Plaintiffs seek a judgment requiring defendants to establish a County Prison Board pursuant to the provisions of Act 208 of December 10, 1980, P.L. 1152, 61 P.S. §407.1 known as the "Second Class County Prison Board Act." Defendants filed preliminary objections on July 29, 1981, but the proceedings were delayed pending the appointment of a judge to hear the matter in view of the fact that the Judges of Montgomery County disqualified themselves from participating in the case.

The preliminary objections raise three issues but counsel have agreed that the controlling issue is a question of law raised by the demurrer. Plaintiffs contend that "The Second Class County Prison Board Act," supra, applies to Counties of the Second Class A, including Montgomery. Defendants argue that the legislation applies only to Counties of the Second Class and that this action is without merit, requiring that the complaint be dismissed.

It is conceded that, prior to the act in question, Act No. 242, approved April 8, 1851, P.L. 388, regulated the Montgomery County Prison. Plaintiffs contend that the 1980 legislation by implication repealed the special legislation of 1851, requiring defendants to establish a Prison Board as mandated by the new law. Defendants argue that the Act of 1980, supra, is limited to Second Class Counties and is not applicable to Second Class A Counties. By virtue of Section 3210 of the Second Class County Code, (code), 16 P.S. §3210, counties of Pennsylvania are divided into various classes according to population. We are concerned with two classes: Second Class: population between 800,000 and 1,800,000; Second Class A: population 500,000 to 800,000. Only Allegheny County presently meets Second Class status. Montgomery and

Delaware[1] Counties comply with Second Class A population requirements.

Section 3102 of the code does provide that "Except where otherwise specifically limited, this act applies to all counties of the second class and second class A." Plaintiffs argue that since the 1980 legislation does not limit otherwise, it applies to Second Class A in spite of the fact that such counties are not mentioned in the title. This argument is advanced although the Prison Act is not an amendment to the code. A similar argument was made in relation to Cities of the Second Class and Second Class A in Schneider, et al., v. Scranton, 330 Pa. 507, _____ A. 2d _____, (      ). The lower court apparently accepted the contention and ruled that amendments made to the Second Class City law applied to cities of the Second Class A. The Supreme Court reversed Mr. Justice Linn, stating, p. 512: "If the classification is to be disregarded on the theory that the court may say that the legislature overlooked the effect of its classification in this or any other case, a curious and unintended result would follow as a glance at other changes made in second class city legislation since 1927 will show." Schneider was quoted with approval as late as 1974 in Wolkoff v. Owens, 12 Pa. Commonwealth Ct. 74, 314 A. 2d 545 (1974). We are satisfied that plain-

---

1. Without question, Delaware County should be concerned with the resolution of this litigation. Its prison has been regulated by special legislation, the Act of April 11, 1866, P.L. 588, which extended to Delaware County the provisions of the Act of February 1, 1839, P.L. 10 relating to the prison in Chester County. We suggested that Delaware County be permitted to intervene in this action but counsel have not acted to afford that opportunity to Delaware County.

tiffs' argument must fall as it may relate to legislation enacted subsequent to the code.

We are urged to find that the Second Class Prison Board Act repeals by implication the special prison Act of 1851. In this respect, it is the law in Pennsylvania that repeal of a statute by implication is never found in the absence of a positive repuguance between the two statutes: Middletown Township,- Delaware County v. Institutional District of Delaware County, 6 Pa. Commonwealth Ct. 146, 293 A. 2d 885, affirmed by Supreme Court, 299 A. 2d 599 (1972). While the Act of 1851 in certain respects is obsolete and has been superceded in many ways by recent legislation that relates to prisons generally, we cannot find "positive repugnance." We agree with plaintiffs that it might have been appropriate for the legislaure to include Second Class A counties in the new Prison Act. We cannot, however, permit the judicial branch of government to rewrite the legislation or second guess the legislature when we are completely satisifed that the Act of 1980 applies only to second class counties.

In coming to this conclusion, we note, as previously indicated, that the title omits Second Class A Counties. Section 2 of the Act defines " 'Board.' The county prison board of a second class county." Section 3(b), relating to composition of the prison board, includes "(5) The mayor of any city of the second class situate within the county." One need not be clairvoyant to note that the only second class county in the state presently contains the only "city of the second class" and the likelihood of additional cities of that class is rather remote in the near future. The Act of August 31, 1971, 53 P.S. §101, requires that cities have at least 500,000 inhabitants to attain second class status. Section 10(a),

relating to repeals, specifically repeals ten particular legislative enactments, each repealer relates to legislation pertaining to "Allegheny County" prisons. There are no other specific repeals and section 10(b) is the usual "General repeal." In view of the fact that Allegheny County is presently the only Second Class County in Pennsylvania, we find that the facts without doubt lead to the conclusion we indicated—the Act of December 10, 1980, P.L. 1152, relates solely to Second Class Counties. In view of our conclusion the Commissioners of Montgomery County, a Second Class A County, are not required to comply with its provisions. Accordingly, plaintiffs' suit to require defendants to comply with its terms and establish a County Prison Board in accordance with the provisions of Act 208 must fall as a matter of law.

## ORDER

And now, November 6, 1981, the preliminary objections of defendants in the nature of a demurrer is sustained and the complaint is dismissed.[2]

---

2. In view of the fact that counsel agree that the sole issue is one of law, we need not afford plaintiffs an opportunity to amend the complaint.