**RICHLAND SCHOOL DISTRICT and Richland Township, Appellants,**

v.

**COUNTY OF CAMBRIA BOARD OF ASSESSMENT APPEALS and Johnstown Zamias Limited Partnership.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1998.

Decided Feb. 8, 1999.

Richard T. Williams, Sr., Johnstown, for appellants.

Alfred K. Hettinger, Allentown, for appellee, Johnstown Zamias Ltd. Partnership.

Before DOYLE, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

DOYLE, Judge.

The issue presented in this appeal is one of first impression. Richland School District (School District) and Richland Township (Township) (collectively, Appellants), present the question of whether a governmental entity possesses the same rights to due process that an individual property owner has to appeal an untimely decision by a county board of assessment appeals.

The underlying factual circumstances center on the 1997 tax assessment for property owned by the Johnstown Zamias Limited Partnership (Owner) which is located within Richland Township. The property in question is a shopping and commercial center, commonly referred to as the Galleria, which was assessed by the Board at $2,944,260.00 for the 1997 tax year. In August 1996, both the Owner and the School District filed timely appeals with the Board regarding the 1997 assessment for the Galleria, with the Owner seeking to lower the assessment and the tax authorities seeking to have the property's assessment increased. The Board did not consolidate these appeals.

On November 25, 1996, the Board held a hearing on the Owner's appeal alone, and, although the Owner withdrew its appeal, the Board issued an order on November 25, 1996, holding that the Galleria's 1997 assessment would remain unchanged at $2,979,-930.00.[1] It was not until May 14, 1997, that the Board held a hearing on the School District's appeal, and, on June 2, 1997, the Board issued an order increasing the assessed value of the Galleria to $3,401,730.00.

1. The Board's June 2, 1997 Order has the "assessment before hearing" as $2,944,260.00 while the Board's November 25, 1996 Order lists the "assessment before hearing" as $2,979,930.00. The difference between these assessments appears to be based upon a difference in the acreage assessed by each appeal. The June 2, 1997 assessment is based upon 99.294 acres while the November 25, 1996 assessment is for 105.239 acres.

Appellants then filed an appeal with the Court of Common Pleas of Cambria County, alleging that the Board erroneously undervalued the property. The Owners countered by filing motions for judgment on the pleadings and summary judgment seeking to have the appeal dismissed on the grounds that the actions of the Board were void *ab initio* because it failed to act within the deadline established by statute for an assessment appeal case and, thus, lost jurisdiction over the matter. The trial court granted the Owner's motion for judgment on the pleadings. This appeal followed.

■ On appeal to this Court,[2] Appellants contend that the trial court committed an error of law when it ruled that there is a distinction between the due process rights afforded to a property owner/taxpayer and those afforded to a taxing authority when a governmental agency fails to act in a timely manner. Appellants also argue that the Commonwealth's statute which requires local boards of assessment in Fourth to Eighth Class Counties to issue rulings on all tax appeals by October 31 of the year in which the appeal is brought, is not a mandatory requirement.

Appellants first assert that they were denied their due process rights when the Common Pleas Court dismissed their appeal because the *Board* failed to issue a decision before October 31, 1996, pursuant to Section 702 of the Fourth to Eighth Class County Assessment Law (Act).[3] Section 702(a) of that Act provides, in pertinent part:

> The board shall meet for the hearing of appeals and shall continue to meet for such purpose from time to time, until all appeals have been heard and acted upon. All appeals ... shall be acted upon not later than the last day of October.

72 P.S. § 5453.702. In this case Appellants' appeal was not even heard by the Board until May 14, 1997, over six months after the Act required the Board to file its decision. In its

appeal to the trial court, Appellants argued that they should not be penalized for the failure of the Board to take action because courts have refused to penalize property owner/taxpayers under similar circumstances. Courts in this Commonwealth have consistently held that taxpayers who have filed timely appeals with county boards of assessment appeals will not be penalized by the failure of those boards to act. *See Laubach Realty Co. v. School District of City of Easton,* 204 Pa.Super. 373, 204 A.2d 283 (1964); *In re Reininger,* 160 Pa.Super. 443, 51 A.2d 506 (1947). Here, however, the trial court found:

> In the case at hand it is the taxing bodies which seek to have the language and the intent of the Act ignored. The court does not believe that the same due process considerations are present in the case at hand. Accordingly, for this reason as well, the court does not find those cases to be persuasive authority in the matter at hand.

(Opinion of the trial court at 6.) We disagree with this reasoning.

■ The Act itself provides that Appellants are entitled to the same appeal rights, and are subject to the same procedures, as a citizen taxpayer who feels that his assessment was incorrect. Section 706 specifically provides:

> The corporate authorities of any county, borough, town, township or school district, which may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, shall have the right to appeal therefrom, in the same manner, subject to the same procedure and with like effect as if such appeal were taken by a taxable with respect to his assessment, and in addition may take an appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before such board or court, even though it was not such a party in fact.

---

2. Our review in a tax assessment case is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Connellsville v. Fayette County Tax Claim Bureau,* 159 Pa.Cmwlth. 241, 632 A.2d 1065 (1993).

3. Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. § 5453.702.

72 P.S. § 5453.706. Additionally, this Court has long held that a municipality is entitled to the protection of procedural due process. In *Township of Middletown v. Institution District*, 6 Pa.Cmwlth. 146, 293 A.2d 885 (1972), *aff'd*, 450 Pa. 282, 299 A.2d 599 (1973), a case dealing with a dispute between the Township of Middletown and another instrumentality of the Commonwealth, this Court had occasion to address the issue of whether a municipality was entitled to procedural due process. This Court held that a "municipal subdivision appears indeed to be entitled to procedural due process," *id.* at 887, and, in this case, we hold that Richland Township and the Richland School District are entitled to the same procedural due process rights as individual taxpayers.

Therefore, the trial court committed an error of law when it determined that Appellants lacked the same procedural due process rights as individual taxpayers in tax assessment appeals where the Board fails to take action before the last day of October.[4]

Order reversed and remanded.

### ORDER

**NOW,** February 8, 1999, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is hereby reversed, and the matter is remanded to that Court for a determination of the substantive issues in the appeals of the Richland School District and Richland Township.

Jurisdiction relinquished.

---

4. Because we conclude that municipalities do possess the same due process rights as property owner/taxpayers in assessment appeals, this Court declines to address Appellants' second argument concerning the mandatory nature of the time constraint provisions of the Act.