**ALLENTOWN POWER CENTER, L.P., Appellant,**

v.

**TOWNSHIP OF WHITEHALL, Lehigh County Board of Assessment Appeals and County of Lehigh.**

Commonwealth Court of Pennsylvania.

Argued May 17, 1999.

Decided July 27, 1999.

Anthony R. Thompson, Allentown, for appellant.

Ronnie F. Hess, Allentown, for appellee.

Before PELLEGRINI, J., LEADBETTER, J., and RODGERS, Senior Judge.

LEADBETTER, Judge.

Allentown Power Center (APC) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) denying its motion to dismiss an assessment appeal.

In 1990, the Lehigh County Assessment Office reassessed all tax parcels in Lehigh County. APC's property was appraised at $2,098,800 and assessed at $1,049,400. This assessment was never challenged or changed until September 1996, when Whitehall Township (Township) filed a notice of assessment appeal with the Lehigh County Board of Assessment Appeals (Board). The Board denied the Township's appeal and the Township appealed to the trial court. APC intervened as a party[1] and moved to dismiss the Township's appeal, arguing that the initiation of an assessment appeal on a single property constitutes "spot assessment" and violates constitutional principles of uniformity and equal protection. The trial court denied APC's motion to dismiss and, upon APC's application, amended its order on January 7, 1999, stating that the December 23, 1998 order involved "a controlling question of law as to which there is substantial ground for difference of opinion" and that an immediate appeal "may materially advance the ultimate termination of the case." Permission to appeal the interlocutory or-

---

1. The County of Lehigh also intervened in the    matter.

**742**

der was subsequently granted by this court.

On appeal, APC does not dispute the fact that relevant statutory provisions clearly provide that the Township has the same right to appeal an assessment as does a taxpayer,[2] nor does it challenge the constitutionality of the statute itself. Indeed, APC admits that under some circumstances such appeals are constitutionally permissible, but argues that this *particular* appeal will inevitably run afoul of the uniformity clause. Whatever the merits of APC's arguments, they are at this point premature. Upon review of this matter, we agree with common pleas that the constitutional issues which taxpayers urge upon this court relate to the substantive limitations which will ultimately control the resolution of the merits, and not to the procedural right of appeal itself. Accordingly, we affirm based upon the well-considered opinion of the Honorable Edward D. Reibman in the proceedings captioned *Township of Whitehall v. County of Lehigh, Board of Assessment Appeals,* No. 96–C–2867, Lehigh County, dated December 23, 1998, —— D & C 4 th —— (1998).

### *ORDER*

AND NOW, this 27th day of July, 1999, the order of the Court of Common Pleas of Lehigh County in the above captioned matter is hereby affirmed upon the opinion of the Honorable Edward D. Reibman in *Township of Whitehall v. County of Lehigh, Board of Assessment Appeals,* No. 96–C–2867, Lehigh County, dated December 23, 1998.

---

**2.** In fact, this court has recently held that municipalities possess the same due process rights as property owners/taxpayers in assessment appeals. *Richland Sch. Dist. v. Cambria County Bd. of Assessment Appeals,* 724 A.2d 988 (Pa.Cmwlth.1999).