IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Water Polo III, LP,            :
         Appellant         :
                              :
      v.                    :   No. 300 C.D. 2017
                              :
Dauphin County Board       :
of Assessment Appeals      :

Water Polo I, LP,              :
         Appellant         :
                              :
      v.                    :   No. 301 C.D. 2017
                              :
Dauphin County Board of    :
Assessment Appeals        :   SUBMITTED: June 7, 2021

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                             FILED: July 12, 2021

Water Polo I, LP, and Water Polo III, LP (collectively, Taxpayers), appeal from the February 23, 2017 orders of the Court of Common Pleas of Dauphin County (trial court), which quashed Taxpayers' appeals on jurisdictional grounds following their untimely appeals to the Dauphin County Board of Assessment Appeals (BOAA). The issue before this Court is whether Taxpayers' appeals to the BOAA were untimely filed. After review, we affirm.

## I. Background

Taxpayers own real property located at Capital Drive L1/Crestview Road and at Kohn Road, L1 in Susquehanna Township, Dauphin County, Pennsylvania

(collectively, the Properties). Reproduced Record (R.R.) at 7a. In notices mailed on June 8, 2016, the Dauphin County Office of Tax Assessment notified Taxpayers of an increase in the assessed value of the Properties. R.R. at 1a, 25a. Taxpayers appealed the increased assessments on BOAA forms, which contained boilerplate language providing that an appeal should be filed with the BOAA "on or before August 1st," and that "NO APPEAL SHALL BE HEARD BY THE [BOAA] UNLESS THE APPELLANT FILES BOTH THE APPEAL AND REQUIRED DOCUMENTS . . . BEFORE AUGUST 1ST . . . ." R.R. at 2a, 8a (emphasis in original). Taxpayers' counsel signed the appeal forms on Friday, July 29, 2016, and placed them in the mail. *Id.* at 3a, 21a, 28a. The BOAA received Taxpayers' appeals on August 2, 2016. *Id.* at 2a, 20a. In a letter dated that same day, Stacey LiBrandi, an administrative assistant for the BOAA, notified Taxpayers that the BOAA rejected their appeals as untimely. *Id.* at 7a.

Taxpayers appealed to the trial court, which heard the matters *de novo.*[1] Taxpayers asserted that their counsel sent the appeals by first-class mail on Friday, July 29, 2016, with the reasonable belief that they would arrive at the BOAA's office on or before August 1, 2016. *Id.* at 15a. Taxpayers argued that Section 8844 of the Consolidated County Assessment Law (Assessment Law)[2] does not mandate "actual receipt" of an appeal but "merely requires filing" by the appeal deadline. *Id.* at 16a. Moreover, Taxpayers asserted that their appeals were rejected by the BOAA's administrative staff, without input or consideration by the BOAA, and Taxpayers were not provided the opportunity to be heard. *Id.* As a result, Taxpayers were

---

[1] A tax assessment appeal is heard by the trial court *de novo*. *Green v. Schuylkill Cnty. Bd. of Assessment Appeals*, 772 A.2d 419, 425 (Pa. 2001).

[2] 53 Pa.C.S. § 8844.

2

denied the right to challenge the increased tax assessments on the Properties. *Id.* at 17a.

The BOAA responded by filing Motions to Quash Taxpayers' appeals on the basis that Taxpayers failed to appeal the tax assessments before the August 1, 2016 filing deadline, leaving the trial court without jurisdiction to hear the matters. *Id.* at 31a, 33a.

The trial court held a hearing on February 23, 2017, on the issue of whether Taxpayers timely filed their appeals with the BOAA. Ms. LiBrandi testified that she is responsible for processing appeals received by the BOAA. *Id.* at 71a. Appeals are timestamped the day they are received, and appeals received up through August 1 are accepted. *Id.* at 73a. Any appeals received after August 1 are untimely and cannot be accepted. *Id.* Although Taxpayers signed the appeals on July 29, 2016, the BOAA did not receive them until August 2, 2016. *Id.* at 74a-75a. Ms. LiBrandi stated that the timeliness of an appeal is based on the date it is received. *Id.* at 75a. As the BOAA received Taxpayers' appeals on August 2, 2016, Taxpayers received a notification advising that their appeals were untimely. *Id.* Untimely appeals are not presented to the BOAA for consideration. *Id.* at 78a.

The trial court granted the BOAA's Motions to Quash in orders dated February 23, 2017. R.R. at 99a. Following Taxpayers' appeals to this Court,[3] the trial court issued memorandum opinions in support of its February 23, 2017 orders. The trial court noted that Taxpayers received a *de novo* hearing on the timeliness of their appeals to the BOAA. *Id.* at 97a-98a. This review rendered moot any issues related to the BOAA's rejection of Taxpayers' appeals. *Id.* at 97a. The trial court

---

[3] Taxpayers' appeals were consolidated by order of this Court dated June 19, 2017.

urged this Court to affirm its February 23, 2017 orders, as the evidence demonstrated that Taxpayers' appeals were untimely filed. *Id.* at 96a, 98a.

On appeal to this Court,[4] Taxpayers assert that the BOAA's administrative staff improperly rejected Taxpayers' appeals as untimely and the trial court erred in quashing their appeals on that basis.

## II. Discussion

At the outset, we must address whether Taxpayers timely appealed their tax assessments to the BOAA. Taxpayers maintain that the appeals were timely, as they were mailed on July 29, 2016, prior to the August 1, 2016 filing deadline, and the BOAA's administrative staff lacked authority to reject Taxpayers' appeals. Taxpayers note that Section 8844(e)(1) of the Assessment Law provides that the BOAA "shall meet for the hearing of appeals and shall meet for this purpose until all appeals have been heard and acted upon." 53 Pa.C.S. § 8844(e)(1). As the BOAA failed to hear and dispose of Taxpayers' appeals in accordance with Section 8844(e)(1), Taxpayers submit that the trial court should have held a hearing on the merits of those appeals. The trial court's failure to hold such a hearing, and its subsequent decision to quash Taxpayers' appeals, deprived Taxpayers of their procedural due process rights. Taxpayers rely on *In re Reininger*, 51 A.2d 506, 507 (Pa. Super. 1947), in which the Superior Court held that a taxpayer that timely appealed a tax assessment "in accordance with the act," was entitled to a further appeal before the court of common pleas.

---

[4] Our review of tax assessment appeals is limited to determining whether errors of law were committed, whether an abuse of discretion occurred, or whether constitutional rights were violated. *Parkview Court Assocs. v. Del. Cnty. Bd. of Assessment Appeals*, 959 A.2d 515, 519 n.8 (Pa. Cmwlth. 2008). The trial court's findings are entitled to great deference, and its decision will not be disturbed absent clear error. *Willow Valley Manor, Inc. v. Lancaster Cnty. Bd. of Assessment Appeals*, 810 A.2d 720, 724 (Pa. Cmwlth. 2002).

4

In *Reininger*, the Northampton County Board of Assessment and Revision of Taxes (board) appealed an order by the court of common pleas (court), which reduced the assessed value of a taxpayer's real property. *Id.* at 506. The board argued that, because it had no record that the taxpayer filed a tax assessment appeal with the board, the court had no jurisdiction to hear the matter. *Id.* The Superior Court disagreed, as the court credited the taxpayer's testimony that she hand-delivered her tax assessment appeal to the board on September 7, well before the October 1 filing deadline. *Id.* The fact that the taxpayer's appeal was lost or misfiled by the board, "or did not come to the attention of the board for any other reason," was irrelevant, as she had appealed to the board "according to law," and the matter was properly before the court for disposition. *Id.* at 507-08.

Taxpayers maintain that they were similarly entitled to a hearing on the merits of their appeals, and Section 8844(c) of the Assessment Law does not mandate receipt of a tax assessment appeal by a specific date or time; rather, an appellant must only file its appeal prior to the prescribed deadline. Essentially, Taxpayers ask this Court to treat their appeals as having been filed on the date Taxpayers mailed them to the BOAA.

We cannot agree with Taxpayers' position, as *Reininger* is easily distinguishable on the facts. The court in *Reininger* accepted the taxpayer's testimony that she hand-delivered her appeal to the board prior to the appeal deadline. Therefore, she appealed "according to law." *Reininger*, 51 A.2d at 507. Instantly, while Taxpayers mailed their appeals prior to August 1, 2016, the BOAA did not receive them until August 2, 2016.

Furthermore, Taxpayers' argument that Ms. LiBrandi lacked the authority to reject their appeals fails to consider the trial court's *de novo* standard of review. In

performing its *de novo* review, the trial court is the ultimate finder of fact, maintaining exclusive province over matters involving the credibility of witnesses and the weight afforded to the evidence. *Parkview Court Assocs.*, 959 A.2d at 520-21. This Court is prohibited from making contrary credibility determinations or reweighing the evidence to reach an opposite result. *Id.* at 521. In granting the BOAA's Motion to Quash, the trial court considered the uncontroverted testimony presented at the February 23, 2017 hearing, which established that Taxpayers' appeals arrived after the August 1, 2016 filing deadline.

We are likewise unpersuaded by Taxpayers' suggestion that the BOAA should have deemed their appeals filed on the date Taxpayers placed them in the mail. This implication of the so-called mailbox rule misconstrues the purpose and effect of that rule, under which evidence that a letter was properly mailed is ordinarily sufficient to support a finding that the letter was, in fact, received by the party to whom it was addressed. *Douglas v. Unemployment Comp. Bd. of Rev.*, 151 A.3d 1188, 1191 (Pa. Cmwlth. 2016). The mailbox rule does not stand, however, for the proposition that an appeal has been filed as of the date the appellant places it in the mail.[5]

Section 8844(c)(1) of the Assessment Law provides that an annual tax assessment appeal must be filed in writing "**on or before September 1 or the date designated by the county commissioners** . . . ," which may not be earlier than August 1. 53 Pa.C.S. § 8844(c)(1), (3) (emphasis added). This language is clear and unambiguous. Taxpayers do not dispute that the County Board of Commissioners established August 1 as the deadline for filing annual tax assessment

---

[5] The prisoner mailbox rule, which is clearly inapplicable here, does provide that a prisoner's *pro se* appeal is deemed filed on the date it is given to the proper prison authority or deposited in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014).

6

appeals. There is likewise no dispute that the BOAA received Taxpayers' appeals on August 2, 2016, one day after the filing deadline. Taxpayers have not cited any relevant legal authority to support their argument that mailing constitutes filing, and this Court has previously rejected such an argument. *See Dep't of Revenue v. Niemeyer Oldsmobile, Inc.*, 316 A.2d 152, 154 (Pa. Cmwlth. 1974) (mailing is not the equivalent of filing, and petition for review of tax assessment was deemed filed only when received).

The timeliness of an appeal is a jurisdictional question. *Wilson Townhouses, Sections I & II v. Berks Cnty. Bd. of Assessment Appeals*, 535 A.2d 1226, 1227 (Pa. Cmwlth. 1988). A party's failure to file a timely appeal renders a subsequent appeal untimely, thus depriving the trial court of jurisdiction to grant the relief sought. *Lin v. Bd. of Revision and Taxes of City of Philadelphia*, 137 A.3d 637, 642 (Pa. Cmwlth. 2016). The undisputed evidence supports the trial court's conclusion that Taxpayers' appeals to the BOAA were untimely filed. As a result, we affirm the trial court's order quashing Taxpayers' appeals on jurisdictional grounds.[6]

_____
ELLEN CEISLER, Judge

---

[6] We need not address Taxpayers' due process argument, as it is predicated on an assertion that their tax assessment appeals to the BOAA were timely.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Water Polo III, LP, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 300 C.D. 2017 |
| | : | |
| Dauphin County Board | : | |
| of Assessment Appeals | : | |
| | | |
| Water Polo I, LP, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 301 C.D. 2017 |
| | : | |
| Dauphin County Board of | : | |
| Assessment Appeals | : | |

## **O R D E R**

AND NOW, this 12th day of July, 2021, the February 23, 2017 orders of Court of the Common Pleas of Dauphin County are hereby AFFIRMED.

_____

ELLEN CEISLER, Judge